IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLENE KIDD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-CV-3167-S-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REMANDING THE CASE TO THE COMMISSIONER

Plaintiff Charlene Kidd seeks judicial review of the Commissioner of Social Security's ("Commissioner") decision denying her applications for Social Security Disability Insurance under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had multiple severe impairments, including obesity, depression, and anxiety, but retained the residual functional capacity ("RFC") to perform work as a marker or assembly press operator.

Because the ALJ did not pose a hypothetical question to the vocational expert ("VE") at Step Five that encompassed all of Plaintiff's limitations, the Court REMANDS this case to the Commissioner for further proceedings.

**Procedural and Factual Background**

A complete summary of the record is presented in the parties' briefs and repeated here only to the extent necessary. Plaintiff filed her pending applications on November 3, 2011, alleging a disability onset date of February 1, 2005. After the Commissioner denied her applications, Plaintiff requested an ALJ hearing. On May 19, 2013, the ALJ found that Plaintiff

was not disabled.  The Social Security Administration Appeals Council denied Plaintiff's request for review on February 11, 2014, leaving the ALJ's decision as the Commissioner's final decision.  Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).  Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision.  *Id.*  In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).  The court must "defer heavily" to the Commissioner's findings and conclusions.  *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010).  The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact.  *Buckner*, 646 F.3d at 556.

## Analysis

The Commissioner of Social Security follows a five-step sequential evaluation process to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A).

At Step Five, the ALJ must determine whether the claimant's "residual functional capacity permits an adjustment to any other work."  *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630,

632 n.1 (8th Cir. 2014). To constitute substantial evidence at Step Five, a VE's testimony about available jobs the claimant can work must be based on a hypothetical question accounting for all of the claimant's proven impairments. *Buckner*, 646 F.3d at 560–61. Plaintiff argues that the ALJ's hypothetical question did not include all of her limitations, so the ALJ's finding at Step Five that she could perform other jobs is in error.

In his RFC formulation, the ALJ wrote that Plaintiff "has difficulty tolerating high-stress work such as work requiring fast-paced activity, involving strict and explicit quotas, deadlines, schedules, or coping with frequent and *usual* changes in the work setting." R. at 15–16 (emphasis added). At the hearing, his hypothetical question posited a person who "needs a low stress job, and what I mean by that is the job should not require a person to meet—to work at a fast paced activity or to meet strict and explicit quotas, deadlines, schedules or cope with frequent or *unusual* changes in the work setting. That kind of thing would be too stressful." R. at 61 (emphasis added). Plaintiff seizes on the ALJ's switch in language from "usual" in the RFC to "unusual" in his hypothetical question to the VE.

The ALJ's question did not capture all of Plaintiff's limitations. "Unusual" means the opposite of "usual". Thus, by asking what jobs a hypothetical individual could perform that accounted for her inability to cope with "unusual" changes in the workplace, the ALJ failed to account for Plaintiff's inability to handle "usual" changes in the workplace.

The Commissioner argues that the ALJ intended to say that Plaintiff's limitations extended only to "unusual", not "usual", changes in the work setting. This, according to the Commissioner, is a harmless typographical error that does not justify remand. However, the ALJ twice noted that Plaintiff had difficulty coping with "usual" changes in the work setting, R. at 15, 16, and no other evidence cited in the ALJ's accompanying analysis suggests he actually meant

3

"unusual". Parsing the remainder of the ALJ's opinion with reference to the Social Security Rulings, the Court does not see what "unusual" and "usual" changes might be or how Plaintiff could be said to possess *only* the inability to cope with "unusual" changes. While ALJs apparently often use the phrase "unusual changes in the work setting" to describe a claimant's limitations—including this particular ALJ[1] and others[2]—the Court is unable to determine whether that is what the ALJ meant. Thus, the Court cannot conclude the use of the term "usual" is a harmless "arguable deficiency in opinion-writing technique." *Benskin v. Bowen*, 830 F.2d 878, 883 (8th Cir. 1987).

Accordingly, the Court leaves intact the ALJ's finding that Plaintiff is unable to cope with usual changes in the work setting. The ALJ did not ask the VE about jobs available to such an individual. Therefore, the VE's testimony was not based on a hypothetical question accounting for all of Plaintiff's proven impairments, so substantial record evidence does not support the Commissioner's decision at Step Five. *See id.* at 560–61. The Court must remand.

Plaintiff makes an additional argument for why the Court should remand. Because remand is warranted on the above ground, the Court declines to address this argument.

### Conclusion

This case is REMANDED to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Date:  January 15, 2015           /s/ Greg Kays
                                 GREG KAYS, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT

---

[1] *See, e.g.*, *Akkerhuis v. Colvin*, No. 13-CV-3159-REL-SSA, 2014 WL 2957113, at *36 (W.D. Mo. July 1, 2014); *Robeson v. Colvin*, No. 13-CV-3109-ODS-SSA, 2014 WL 353283, at *2 (W.D. Mo. Jan. 30, 2014); *Leath v. Colvin*, No. 11-CV-3483-DPR-SSA, 2013 WL 3215215, at *1 (W.D. Mo. June 24, 2013).

[2] *See, e.g.*, *Flippen v. Colvin*, No. 13-CV-552-ODS-SSA, 2014 WL 1669262, at *1 (W.D. Mo. Apr. 28, 2014).